UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

NO. 16-3707

CHAROLAIS CORPORATION

Petitioner,

v.

CAROLYN J. GAMBLE, O/B/O DAVID GAMBLE

Respondent,

and

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondent.

_____

ON PETITION FOR REVIEW OF A DECISION AND ORDER
OF THE BENEFITS REVIEW BOARD
UNITED STATES DEPARTMENT OF LABOR

_____

**BRIEF OF RESPONDENT,**
CAROLYN J. GAMBLE, O/B/O DAVID GAMBLE

_____

Thomas E. Springer, III
SPRINGER LAW FIRM, PLLC
18 Court Street
Madisonville, KY 42431
(270) 825-2284
*Counsel for Carolyn J. Gamble, O/B/O David Gamble*

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

No. 16-3707        Caption: Charolais Corporation v. Carolyn J. Gamble, o/b/o
                            David E. Gamble

Pursuant to FRAP 26.1 and Local Rule 26.1 Carolyn J. Gamble, o/b/o David E.
Gamble who is Respondent, is not required to disclose corporate affiliations and
other interests.

/s/ Thomas E. Springer, III

Counsel for Carolyn J. Gamble, O/B/O David Gamble

# TABLE OF CONTENTS

**I.**  REQUEST FOR ORAL ARGUMENT……………………………………7

**II.**  STATEMENT OF SUBJECT MATTER JURISDICTION AND BASIS FOR APPELLATE REVIEW…………………………………...7

**III.**  STATEMENT OF THE ISSUES……………………………………...7

    **1.**  Whether the ALJ erred in determining Miner proved fifteen years of employment, leading to an application of the fifteen year presumption pursuant to 30 § U.S.C. 921(c)(4) as recently amended by the PPACA……………………………………..7

    **2.**  Whether the ALJ erred in determining Dr. Selby's opinion addressing emphysema as contrary to the Regulations………..7

    **3.**  Whether the ALJ erred weighing the evidence on legal pneumoconiosis…………………………………………………..7

        a.  Whether the ALJ's basis for discrediting Dr. Selby's opinion on legal pneumoconiosis is an error not supported by substantial evidence………………………7

        b.  Whether the ALJ erred by inappropriately granting excessive probative value to the opinion of Dr. Simpao..8

    **4.**  Whether the Survivor's claim should be vacated and remande..8

**IV.**  STATEMENT OF THE CASE…………………………………………..8

    A.  Procedural History…………………………………………...8

    B.  Statement of Facts…………………………………………...9

**V.**  SUMMARY OF ARGUMENT……………………………………...13

**VI.**  ARGUMENT…………………………………………………………..16

    A.  Standard of Review…………………………………………...16

B.    Discussion of Issues…………………………………………..18

    1.    Whether the ALJ erred in determining Miner proved fifteen years of employment, leading to an application of the fifteen year presumption pursuant to 30 § U.S.C. 921(c)(4) as recently amended by the PPACA………...18

    2.    Whether the ALJ erred in determining Dr. Selby's opinion addressing emphysema as contrary to the Regulations………………………………………….23

    3.    Whether the ALJ erred weighing the evidence on legal pneumoconiosis………………………………………..25

        a.    Whether the ALJ's basis for discrediting Dr. Selby's opinion on legal pneumoconiosis is an error not supported by substantial evidence…….26

        b.    Whether the ALJ erred by inappropriately granting excessive probative value to the opinion of Dr. Simpao………………………………………..29

    4.    Whether the Survivor's claim should be vacated and remanded…………………………………………31

**VII.**    CONCLUSION…………………………………………...31

**VIII.**    CERTIFICATE OF COMPLIANCE………………………...32

**IX.**    APPENDIX……………………………………………….33

**X.**    CERTIFICATE OF SERVICE…………………………………..34

## TABLE OF AUTHORITIES

Adams v. Dir., OWCP, 886 F.2d 818, 825 (6th Cir. 1989)………………………..17

Antelope Coal Co./Rio Tinto Energy America v. Goodin, 743 F.3d 1331 (10th Cir. 2014)……………………………………………………………………………19

Bizzarri v. Consolidation Coal Co., 755 F.2d 751, 753 (6th Cir. 1985)......................................................................17, 25, 29, 30

Central Ohio Coal Co. v. Dir., OWCP [Sterling], 762 F.3d 483, 489-90 (6th Cir. 2014)…………………………………………………………………19, 23, 24

Cornett v. Benham Coal, Inc., 227 F.3d 569, 575 (6th Cir. 2000)……………17, 26

Crockett Colleries, Inc. v. Barrett, 478 F.3d 350, 356 (6th Cir. 2007)……………23

Croucher v. Dir., OWCP, 20 B.L.R. 1-67, 1-72 (1996) (en banc)………………..18

Dawson v. Old Ben Coal Co., 11 B.L.R. 1-58, 1-60 (1988)………………………18

Dir., OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983)……………………..17, 26

Eastover Mining Co. v. Williams, 388 F.3d 501, 508 (6th Cir. 2003)………17, 26

Jonida Trucking, Inc. v. Hunt, 124 F.3d 739, 742 (6th Cir. 1997)………………...16

Knuckles v. Dir., OWCP, 869 F.2d 996, 997 (6th Cir. 1989)……………………..23

McCain v. Dir., OWCP, 58 Fed. Appx. 184, 201 (6th Cir. 2003)……………..17, 25

Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir. 1985)………………..23

Muncy v. Elkay Mining Co., 25 BLR 1-21 (2011)………………………………..18

Niccoli v. Dir., OWCP, 6 B.L.R. 1-910, 1-912 (1984)……………………………18

Parker v. Dir., OWCP, 590 F.2d 748, 749 (8th Cir. 1979)……………17, 25, 29, 30

Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 756 (4th Cir. 1999)………………………………………………………………..17, 25, 29, 30

Rarney v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.

1985)…………………………………………………………………16, 25, 29, 30

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed.2d 842

(1971)……………………………………………………………….17, 25, 29, 30

Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir. 1988)………………..23

Rister v. Scrubet, Inc., BRB No. 13-0185 BLA (Jan. 23,2014) (unpub.)(*citing* 78

Fed. Reg. 59, 105 (Sept. 25, 2013)……………………………………………..19

Shelesky v. Director, OWCP, 7 B.L.R. 1-34 (1984)………………………………18

Smith v. Dir., OWCP, 843 F.2d 1053, 1057 (7th Cir. 1988)…………..17, 25, 29, 30

Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir. 1989)………...23

Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir.

1995)………………………………………………..15, 16, 21, 23, 25, 29, 30, 31

## **STATUTES**

Sec. 411(c)(4)………………………………………………………....22, 23

30 U.S.C. § 921(c)(4)……………………………………………7, 13, 18, 19, 21

## **REGULATIONS**

20 C.F.R. § 718.201(a)(1)………………………………………………………12

20 C.F.R. § 718.305(b)(1)(i)……………………………………………………19

20 C.F.R. § 718.305(b)(2)………………………………………………………19

20 C.F.R. § 725.101(a)(32)(ii)…………………………………………………18

20 C.F.R. § 725.101(a)(32)(iii)…………………………………………………18

20 C.F.R. § 725.309…………………………………………………………………...8

20 C.F.R. § 725.310…………………………………………………………………...8

20 C.F.R. § 725.479…………………………………………………………………...8

78 Fed. Reg. 59, 105 (Sept. 25, 2013)……………………………………...19, 22

## I.      REQUEST FOR ORAL AGUMENT

The Respondent is not requesting this matter be set for oral argument before a panel of the United States Court of Appeal for the 6th Circuit.

## II.      STATEMENT OF SUBJECT MATTER JURISDICTION AND BASIS FOR APPELLATE REVIEW

The Respondent concedes that the United States Sixth Circuit Court of Appeals is the appropriate forum for appellate review of the decision rendered by Benefit Review Board on April 26, 2016.  The Respondent concedes that United States Sixth Circuit Court of Appeals has subject matter jurisdiction over this present preceding.

## III.      STATEMENT OF THE ISSUES

1.      Whether the ALJ erred in determining Miner proved fifteen years of employment, leading to an application of the fifteen year presumption pursuant to 30 § U.S.C. 921(c)(4) as recently amended by the PPACA.

2.      Whether the ALJ erred in determining Dr. Selby's opinion addressing emphysema as contrary to the Regulations.

3.      Whether the ALJ erred weighing the evidence on legal pneumoconiosis.

    a.      Whether the ALJ's basis for discrediting Dr. Selby's opinion on

legal pneumoconiosis is an error not supported by substantial evidence.

b.    Whether the ALJ erred by inappropriately granting excessive probative value to the opinion of Dr. Simpao.

4.    Whether the Survivor's claim should be vacated and remanded.

## IV.    STATEMENT OF THE CASE

### A.    PROCEDURAL HISTORY

This is David E. Gamble's second claim for benefits. Mr. Gamble's final prior claim was denied by the District Director on July 29, 2003, because he was unable to show that he was totally disabled due to pneumoconiosis. (DX 1). Pursuant to 20 C.F.R. § 725.479, the District Director's decision became final thirty days after the decision was issued. This claim was filed more than one year after the District Director's prior denial, and as a result, this is not a claim for modification under 20 C.F.R. § 725.310, but rather a subsequent claim under 20 C.F.R. § 725.309.

Mr. Gamble filed this subsequent claim on January 25, 2007. (DX 3). On December 4, 2007, the District Director awarded benefits in a Proposed Decision and Order. (DX 30). The Petitioner objected and requested a hearing before an administrative law judge [hereinafter "ALJ"]. (DX 32). On February 26, 2008, the District Director referred the claim to the Office of the Administrative Law Judges [hereinafter "OALJ"]. (DX 38).

On April 8, 2011, counsel for Mr. Gamble filed a Motion to continue the rescheduled hearing and a Motion to consolidate claims, as Mr. Gamble had died and a survivor's claim had been filed. For good cause shown, ALJ Solomon remanded Mr. Gamble's claim to the District Director for consolidation with the survivor's claim on April 20, 2011.

On April 24, 2013, ALJ Silvain issued a Notice of Hearing and Pre-Hearing Order for the hearing scheduled on May 23, 2013, in Madisonville, Kentucky.

These consolidated claims proceeded to hearing on May 23, 2013. ALJ Silvain issued his Decision and Order Awarding Benefits in a Subsequent Claim and Decision and Order Awarding Survivor's Benefits on May 22, 2015.

The Petitioner filed a Petition for Review of the May 22, 2015 Decision and Order's of ALJ Silvain. By Order of July 31, 2015, Board accepted the Petitioner's Petition for Review. On April 26, 2016, the Board issued its Decision and Order affirming ALJ Silvain's Decision and Order Awarding Benefits in a Subsequent Claim and Decision and Order Awarding Survivor's Benefits. From that decision, the Petitioner is appealing to this Court.

B.    STATEMENT OF FACTS

David Gamble worked in the coal mine industry for 19.25 years. Ms. Gamble testified about her husband's coal mining employment. Ms. Gamble testified as to how her husband would appear when he got home from work,

testifying that he was "covered from head to toe, black in his ears, his nose, everywhere." (5/23/13 Hr'g Tr. at 13; App. at 191). Ms. Gamble testified that her husband appeared in this dusty condition "just about every day...[b]ecause when he wasn't hauling coal he was working at the strip mines." (5/23/13 Hr'g Tr. at 14; App. at 192). Ms. Gamble testified her husband worked an average of five days a week. (5/23/13 Hr'g Tr. at 14; App. at 192).

<u>SUMMARY OF MEDICAL EVIDENCE</u>

The medical evidence presented in this claim is summarized as follows:

Dr. Simpao produced a report dated April 23, 2007 after evaluating Mr. Gamble on behalf of the Department of Labor (hereinafter "Department"). (DX 12-44; App. at 48). Dr. Simpao's report noted that the results of the vent study (PFS) performed upon Mr. Gamble showed he suffered from a "severe degree of both restrictive and obstructive airway disease." (DX 12-46; App. at 50). Based upon his evaluation, including a PFT, and an arterial blood gas study, Dr. Simpao diagnosed Mr. Gamble with COPD. <u>Id</u>. Dr. Simpao also opined that Mr. Gamble's exposure to coal dust was "an aggravating factor in his pulmonary impairment." (DX 12-47; App. at 51). Dr. Simpao further noted that Mr. Gamble had no "respiratory capacity to hold any type of employment." <u>Id</u>.

Dr. Simpao prepared a subsequent report dated July 3, 2007. (DX 14; App. at 53). Based upon Mr. Gamble's PFT, ABG, Aa gradient, physical findings,

symptomatology and CXR, Dr. Simpao confirmed his diagnosis of COPD and legal pneumoconiosis. Id. Dr. Simpao reiterated that Mr. Gamble's pulmonary function study "...indicate[d] a severe degree of both restrictive and obstructive airway disease...and the results meet the disability standards set forth by the federal register." Id.

Dr. Selby's report dated November 23, 2007 opined that Mr. Gamble did not have legal pneumoconiosis. (EX 1-17; App. at 70). Dr. Selby believed Mr. Gamble's diagnoses of COPD, emphysema, chronic bronchitis, and asthma were all related to his long history of cigarette smoking, and not his 24 year history of being employed in the coal mine industry. Id. Dr. Selby noted that Mr. Gamble was not totally disabled, but later stated that he would consider, if Mr. Gamble had a qualifying PFT, him to be totally disabled. (EX 2-11-12; App. at 83-84). Despite this assertion, Dr. Selby disregarded the qualifying PFT obtained by Dr. Simpao, in his supplemental reported dated April 27, 2013. (EX 5-27-29; App. at 175-177). Dr. Selby concluded that Mr. Gamble's death was not caused or hastened by coal dust exposure. (EX 5-28-29; App. at 176-177). Dr. Selby has consistently maintained that Mr. Gamble's death was due solely to his smoking history. (EX 5-28-29; App. at 176-177).

In Dr. Broudy's report dated August 17, 2009, Dr. Broudy opined that Mr. Gamble did not have either clinical or legal pneumoconiosis. (EX 3-4-7; App. at

99-102). Dr. Broudy's opinion is contrary to the Department of Labor findings, in particular, that "'pneumoconiosis' is recognized as a latent and progressive disease which may first become detectable only after the cessation of coal mine dust exposure." 20 C.F.R. § 718.201(a)(1). Dr. Broudy's opinion that effects of smoking and coal dust on Mr. Gamble can be apportioned and distinguished is contrary to the preamble and findings adopted by the Department of Labor. During the deposition of Dr. Broudy on October 27, 2009, Dr. Broudy changed his opinion on the pulmonary function studies and stated that he now believed that Mr. Gamble was totally disabled and "would meet the criteria for disability." (EX 4-13; App. at 120).

A supplemental report was prepared by Dr. Broudy on February 11, 2013. (EX 6; App. at 144-148). Dr. Broudy reiterated that in his opinion, Mr. Gamble did not have legal or clinical pneumoconiosis. (EX 6-3-4, App. at 146-147). Dr. Broudy continued to maintain that Mr. Gamble's pulmonary impairment was associated with his long smoking history. (EX 6-3-4; App. at 146-147). Despite Mr. Gamble's lengthy exposure to coal dust of around 24 years, Dr. Broudy was under the impression that he was only exposed to coal dust around 10 years. (EX 6-1-4; App. at 144-147). Dr. Broudy did not believe that Mr. Gamble's "death was caused by, hastened by, or contributed to by exposure to coal dust." (EX 6-4; App. at 147). Dr. Broudy opined that "...it is far more likely that the continued cigarette

smoking was the contributory cause to his death, not the exposure to coal dust, which was relatively short and ended some time prior to death." Id.

## V.    SUMMARY OF ARGUMENT

1.    Whether the ALJ erred in determining Miner proved fifteen years of employment, leading to an application of the fifteen year presumption pursuant to 30 § U.S.C. 921(c)(4) as recently amended by the PPACA.

The fifteen year presumption was appropriately applied by the ALJ.  The ALJ's finding of 19.25 years of coal mining employment is supported by substantial evidence.  In making said finding, the ALJ took into account Mr. Gamble's Employment History form, Wage and Tax statements, and Mr. Gamble's own credible and competent testimony.

The ALJ's finding that Mr. Gamble's employment above ground was substantially similar to conditions of an underground mine is supported by substantial evidence.  In making said finding, the ALJ took into account the Claimant's testimony which was unrebutted by the Employer.  The Claimant had first-hand knowledge of how the Miner appeared during his years of employment.

The Petitioner's request that the ALJ's decision be remanded should be denied as the ALJ appropriately considered all the evidence and the ALJ's decision was supported by substantial evidence.

2.    Whether the ALJ erred in determining Dr. Selby's opinion addressing emphysema as contrary to the Regulations.

The ALJ did not err in determining Dr. Selby's opinion addressing

13

emphysema is contrary to the Regulations. Dr. Selby opined that he could rule out coal dust exposure as causing Mr. Gamble's emphysema based upon his smoking history. The Department has promulgated regulations stating that dust-induced emphysema and smoke-induced emphysema occur through similar mechanisms.

The Petitioner's request that the ALJ's decision be remanded should be denied as the ALJ appropriately considered all the evidence and the ALJ's decision was supported by substantial evidence.

3. Whether the ALJ erred weighing the evidence on legal pneumoconiosis.

a. Whether the ALJ's basis for discrediting Dr. Selby's opinion on legal pneumoconiosis is an error not supported by substantial evidence.

The ALJ's basis for discrediting Dr. Selby's opinion on legal pneumoconiosis is supported by substantial evidence. The ALJ discredited Dr. Selby's opinion for a number of reasons. First, the ALJ properly discredited Dr. Selby's opinion on the basis of the Miner's smoking history. Second, the ALJ properly discredited Dr. Selby's opinion on the basis "that Dr. Selby [did] not adequately explain why the Miner's treatment of his asthma necessarily eliminates a finding of legal pneumoconiosis." (Decision and Order, 2008-BLA-5420 at 43; App. at 247). Third, the ALJ properly discredited his opinion on the basis that it was in contradiction with the findings of the Department concerning the causes of coal worker's pneumoconiosis. Fourth, the ALJ properly discredited his opinion

14

based upon his unsupported assertion that coal-dust induced COPD was rare in the area where the miner worked. Fifth, the ALJ properly discredited Dr. Selby's opinion on the basis that he failed to adequately consider Mr. Gamble's years of coal dust exposure. Sixth, the ALJ properly discredited Dr. Selby's opinion on the basis that he originally was unable to state an opinion as to the Miner's disability only to later admit based upon the evidence that Mr. Gamble was totally and permanently disabled. Seventh, the ALJ properly discredited Dr. Selby's opinion because his opinion was inconsistent with the preponderant weight of the PFT evidence.

> b.    Whether the ALJ erred by inappropriately granting excessive probative value to the opinion of Dr. Simpao.

The ALJ did not err granting probative value of the opinion of Dr. Simpao on the issue of legal pneumoconiosis. The ALJ noted that Dr. Simpao's opinion was consistent with the evidence submitted in this preceding and comported with the regulations adopted by the Department. The ALJ discredited the opinions of Drs. Selby and Broudy for a number of reasons. Of particular importance, the ALJ noted that reasoning in the opinions of Drs. Selby and Broudy were contrary with the regulations adopted by the Department and the holdings of the Sixth Circuit.

4.    Whether the Survivor's claim should be vacated and remanded.

The ALJ's decision to award Mr. Gamble benefits "was supported by substantial evidence and [was] consistent with applicable law." Youghiogheny &

Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995).  Given that the ALJ's decision to award Mr. Gamble benefits was appropriate, the ALJ's decision to award the Claimant benefits should likewise be sustained for the same reasons.

## VI.    ARGUMENT

### A.    STANDARD OF REVIEW

The Court of Appeals must affirm the Board's decision "if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations..." Jonida Trucking, Inc. v. Hunt, 124 F.3d 739, 742 (6th Cir. 1997).  The Court's review on appeal is "focused on whether the ALJ – not the Board – had substantial evidence upon which to base his … decision."  Id.  The Court "...review[s] the ALJ's decision to determine whether it is supported by substantial evidence and is consistent with applicable law."  Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995).  "[A]s long as the ALJ's conclusion is supported by the evidence, we will not reverse, even if the facts permit an alternative conclusion."  Id.

In referring to substantial evidence, this Court has stated that substantial evidence "'is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Rarney v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir. 1985) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed.2d 842 (1971)).  "In referring to a singular 'reasonable mind,' the

Supreme Court has directed us to uphold decisions that rest within the realm of rationality; a reviewing court has no license to 'set aside an inference merely because it finds the opposite conclusion more reasonable or because it questions the factual basis.'" Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 756 (4th Cir. 1999) (*quoting* Smith v. Dir., OWCP, 843 F.2d 1053, 1057 (7th Cir. 1988) and discussing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *see also* Bizzarri v. Consolidation Coal Co., 755 F.2d 751, 753 (6th Cir. 1985) ("[I]t is 'immaterial that the facts permit the drawing of diverse inferences.'" (*quoting* Parker v. Dir., OWCP, 590 F.2d 748, 749 (8th Cir. 1979)).

"A remand or reversal is only appropriate when the ALJ fails to consider all of the evidence under the proper legal standard or there is insufficient evidence to support the ALJ's finding." McCain v. Dir., OWCP, 58 Fed. Appx. 184, 201 (6th Cir. 2003) (*citing* Cornett v. Benham Coal, Inc., 227 F.3d 569, 575 (6th Cir. 2000) and Dir., OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983)). "Where, however, an ALJ has improperly characterized the evidence or failed to [take] account of relevant record material, deference is inappropriate and remand is required." Eastover Mining Co. v. Williams, 388 F.3d 501, 508 (6th Cir. 2003).

Furthermore, "[t]his court has often repeated that the Act is remedial legislation that should be liberally construed so as to include the largest number of miners within its entitlement provisions." Adams v. Dir., OWCP, 886 F.2d 818,

825 (6th Cir. 1989).


B.    DISCUSSION OF THE ISSUES

1.    Whether the ALJ erred in determining Miner proved fifteen years of employment, leading to an application of the fifteen year presumption  pursuant to 30 § U.S.C. 921(c)(4) as recently amended by the PPACA.

Ms. Gamble acknowledges that she bears the burden of establishing the length of her husband's coal mine employment.  *See* Shelesky v. Dir., OWCP, 7 B.L.R. 1-34 (1984).  The Court has held that a reasonable method of computation, supported by substantial evidence, is sufficient to sustain a finding concerning the length of coal mine employment.  *See* Croucher v. Dir., OWCP, 20 B.L.R. 1-67, 1-72 (1996) (en banc); Dawson v. Old Ben Coal Co., 11 B.L.R. 1-58, 1-60 (1988); Niccoli v. Dir., OWCP, 6 B.L.R. 1-910, 1-912 (1984).  In determining length of employment in the coal mines, it is proper to consider evidence from a variety of sources, including affidavits of co-workers, Social Security records, sworn testimony, written statements of the miner (including the Form CM-911a), records of the employer, and pension records.  20 C.F.R. § 725.101(a)(32)(ii); Muncy v. Elkay Mining Co., 25 BLR 1-21 (2011) (finding that the formula set forth at 20 C.F.R. § 725.101(a)(32)(iii) may be used, but is not mandatory).

In order to invoke the presumption under the PPACA that the miner is totally disabled due to pneumoconiosis, the Claimant must establish that he engaged in

18

coal mine employment for fifteen years, either in underground coal mines, or in "coal mines other than underground mines in conditions substantially similar to those in underground mines." 20 C.F.R. § 718.305(b)(1)(i); 30 U.S.C. § 921(c)(4). "The conditions in a mine other than an underground mine will be considered 'substantially similar' to those in an underground mine if the claimant demonstrates that the miner was regularly exposed to coal-mine dust while working there." 20 C.F.R. § 718.305(b)(2).

Pursuant to 20 C.F.R. § 718.305(b)(2), surface mine work is considered "substantially similar" to underground mine work if the Claimant establishes he was "regularly exposed" to coal mine dust during his employment. 20 § C.F.R. 718.305(b)(2). Therefore, Claimant need not establish that his working conditions were comparable to conditions prevalent in underground mines, and need only establish that he was "regularly exposed to coal-mine dust while working" at the mine. Central Ohio Coal Co. v. Dir., OWCP [Sterling], 762 F.3d 483, 489-90 (6th Cir. 2014); *see also* Antelope Coal Co./Rio Tinto Energy America v. Goodin, 743 F.3d 1331 (10th Cir. 2014); Rister v. Scrubet, Inc., BRB No. 13-0185 BLA (Jan. 23,2014) (unpub.)(*citing* 78 Fed. Reg. 59, 105 (Sept. 25, 2013)). The Sixth Circuit, which is the controlling circuit in this matter, has relied on 20 C.F.R. § 718.305(b)(2), stating that it reflects the DOL's longstanding interpretation of the statutory presumption that consistently dusty working conditions are sufficiently

similar to underground mining conditions.  Central Ohio Coal Co. v. Dir., OWCP [Sterling], 762 F.3d 483, 489-90 (6th Cir. 2014); Antelope Coal Co./Rio Tinto Energy America v. Goodin, 743 F.3d 1331 (10th Cir. 2014).

Mr. Gamble's Employment History form showed that he was employed in the coal industry from 1960 until 1984.  (DX 3; Decision and Order, 2008-BLA-5420 at 8-9; App. at 212-213).  The ALJ did not give much weight to Mr. Gamble's Wage and Tax statements regarding periods of employment as said statements "do not include beginning or ending dates for the Miner's employment...they only show evidence of the Miner's total wages earned during one year for which the form was prepared."  (Decision and Order, 2008-BLA-5420 at 9; App. at 213).  Despite Mr. Gamble's Employment History form showing he was employed in the coal industry for a period of 24 years, the ALJ did not consider Mr. Gamble was employed in the coal industry in the years of 1961, 1964-1965, and 1968 as there was no evidence of Social Security earnings by Mr. Gamble for those identified years.  (Decision and Order, 2008-BLA-5420 at 10; App. at 214).

The ALJ further determined that the Claimant's testimony collaborated Mr. Gamble's Employment History form and Wage and Tax Statements "[a]as the claimant provided specific details regarding the Miner's coal mine employment...".  (Decision and Order, 2008-BLA-5420 at 9-10; App. at 213-214).  The ALJ noted that "[c]onsistent with the Miner's Employment History form, the Claimant

recalled that the Miner 'hauled coal from 1960.  He went to work at the miners in the seventies and he worked there until August of 1984.' (Tr. 13)."  (Decision and Order, 2008-BLA-5420 at 9; App. at 213).  The ALJ further noted that "[w]hile some of the employers listed on the Employment History form for which Mr. Gamble delivered or hauled coal are not listed on Mr. Gamble's Social Security earnings record, an absence of Social Security records for some years does not mean that a miner was no employed as a miner for those years."  (Decision and Order, 2008-BLA-5420 at 10; App. at 214).  Turning again to the Claimant's testimony, the ALJ determined that "the claimant's testimony supports the inference that the Miner was self-employed from January 1960 until December 1971, as she testified that the Miner hauled coal from 1960 until he went to work at the mines in the 1970's. (Tr. at 14)."  (Decision and Order, 2008-BLA-5420 at 10; App. at 214).

In determining that Mr. Gamble had engaged in coal mine employment for a period of 19.25 years, leading to an application of the fifteen year presumption pursuant to 30 § U.S.C. 921(c)(4), the ALJ considered evidence from a number of sources, including Mr. Gamble's social security earnings, Employment History form, and sworn testimony from Ms. Gamble.  (Decision and Order, 2008-BLA-5420 at 8-10; App. at 212-214).  Therefore, the ALJ's decision that Mr. Gamble had engaged in coal mine employment for a period of 19.25 years "...is supported by

substantial evidence and is consistent with applicable law." Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995).

Concerning the nature of Mr. Gamble's employment for a period of 19.25, the ALJ noted that Mr. Gamble was only employed above ground. (Decision and Order, 2008-BLA-5420 at 36; App. at 240). The ALJ then proceeded to address whether "the Miner engaged in 'coal mine work in conditions substantially similar to conditions in an underground mine' under Section 411(c)(4) of the Act." (Decision and Order, 2008-BLA-5420 at 36; App. at 240). The ALJ stated that "[t]he fact-finder must determine whether the evidence submitted 'credibly establishes that the miner's non-underground mine working conditions regularly exposed him to coal mine dust.'" (Decision and Order, 2008-BLA-5420 at 36; App. at 240); *See* 78 Fed. Reg. 59, 105 (Sept. 25, 2013). The ALJ found the following testimony to be credible,

> the Claimant testified that the Miner would return home from work "[c]overed from head to toe [in coal dust], black in his ears, his nose, everywhere. A lot of times he would take his – strip down to his underwear when he come into the door and I'd put his clothes in the washer and he would get in the shower." (Tr. at 13-14). She explained that this occurred "just about every day… [b]ecause when he wasn't hauling coal he was working at the strip mines." (Tr. at 14).

(Decision and Order, 2008-BLA-5420 at 36; App. at 240). The ALJ found that the Claimant had established substantial similarity based on her testimony. (Decision and Order, 2008-BLA-5420 at 37; App. at 241). Therefore, based upon Mr.

Gamble's Employment History form, Wage and Tax statements, and Claimant's testimony, the ALJ's decision that "the Miner engaged in 'coal mine work in conditions substantially similar to conditions in an underground mine' under Section 411(c)(4) of the Act" is supported by substantial evidence and is consistent with applicable law.  Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995); (Decision and Order, 2008-BLA-5420 at 36-37; App. at 240-241).

> 2.    Whether the ALJ erred in determining Dr. Selby's opinion addressing emphysema as contrary to the Regulations.

Dr. Selby's opinion on emphysema is contrary to the regulations.  "When the question before this court is whether the ALJ reached the correct result after weighing conflicting medical evidence, 'our scope of review...is exceedingly narrow.  Absent an error of law, findings of facts and conclusions flowing therefore [sic] must be affirmed if supported by substantial evidence.'"  Crockett Colleries, Inc. v. Barrett, 478 F.3d 350, 356 (6th Cir. 2007) (citing Knuckles v. Dir., OWCP, 869 F.2d 996, 997 (6th Cir. 1989) (quoting Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir. 1988)).  "Moreover, when medical testimony conflicts, the question '"of whether a physician's report is sufficiently documented and reasoned is a credibility matter left to the trier of fact."'"  Id. (citing Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir. 1989) (quoting Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir. 1985)).  An ALJ is entitled to discredit a Doctor's testimony when the testimony is "inconsistent with the DOL position set forth in

the preamble to the applicable regulation." Central Ohio Coal Co. v. Dir., OWCP, 762 F.3d 483, 491 (6th Cir. 2014).

Dr. Selby opined that he could rule out coal dust exposure as causing Mr. Gamble's emphysema based upon his smoking history. (Decision and Order, 2008-BLA-5420 at 42; App. at 246). The ALJ properly discredited Dr. Selby's opinion as contrary to the regulations "[b]ecause the Department has concluded that the medical literature 'support[s] the theory that dust-induced emphysema and smoke-induced emphysema occur through similar mechanisms,' medical opinions which are based on the premise that coal dust-related obstructive disease is completely distinct from smoking-related disease are contrary to the premises underlying the regulations." (Decision and Order, 2008-BLA-5420 at 43; App. at 247). The ALJ also concluded that Dr. Selby assertion "coal-dust induced COPD 'is very unusual in the location where [the Miner] worked in the general tri-state area of Indiana, Kentucky and Illinois' has no weight or influence, as...Dr. Selby points to no documented evidence to substantiate this claim outside of his own personal experience." (Decision and Order, 2008-BLA-5420 at 43; App. at 247). Therefore, the ALJ was entitled to discredit Dr. Selby's opinion because Dr. Selby's opinion was "inconsistent with the DOL position set forth in the preamble to the applicable regulation." Central Ohio Coal Co. v. Dir., OWCP, 762 F.3d 483, 491 (6th Cir. 2014).

3.    Whether the ALJ erred weighing the evidence on legal pneumoconiosis.

The Court "...review[s] the ALJ's decision to determine whether it is supported by substantial evidence and is consistent with applicable law." Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995). "[A]s long as the ALJ's conclusion is supported by the evidence, we will not reverse, even if the facts permit an alternative conclusion." Id. In referring to substantial evidence, this Court has stated that substantial evidence "'is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rarney v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir. 1985) (*quoting* Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed.2d 842 (1971)). "In referring to a singular 'reasonable mind,' the Supreme Court has directed us to uphold decisions that rest within the realm of rationality; a reviewing court has no license to 'set aside an inference merely because it finds the opposite conclusion more reasonable or because it questions the factual basis.'" Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 756 (4th Cir. 1999) (*quoting* Smith v. Dir., OWCP, 843 F.2d 1053, 1057 (7th Cir. 1988) and discussing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *see also* Bizzarri v. Consolidation Coal Co., 755 F.2d 751, 753 (6th Cir. 1985) ("[I]t is 'immaterial that the facts permit the drawing of diverse inferences.'" (*quoting* Parker v. Dir., OWCP, 590 F.2d 748, 749 (8th Cir. 1979)).

"A remand or reversal is only appropriate when the ALJ fails to consider all of the evidence under the proper legal standard or there is insufficient evidence to support the ALJ's finding." McCain v. Dir., OWCP, 58 Fed. Appx. 184, 201 (6th Cir. 2003) (*citing* Cornett v. Benham Coal, Inc., 227 F.3d 569, 575 (6th Cir. 2000) and Dir., OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983)).  "Where, however, an ALJ has improperly characterized the evidence or failed to [take] account of relevant record material, deference is inappropriate and remand is required." Eastover Mining Co. v. Williams, 388 F.3d 501, 508 (6th Cir. 2003).

> a.    Whether the ALJ's basis for discrediting Dr. Selby's opinion on legal pneumoconiosis is an error not supported by substantial evidence.

The ALJ's basis for discrediting Dr. Selby's opinion on legal pneumoconiosis is supported by substantial evidence.  The ALJ found that "Dr. Selby's opinion is not well-reasoned and contradictory to the regulations."  (Decision and Order, 2008-BLA-5420 at 43; App. at 247).  "Accordingly, [the ALJ did] not give it probative weight on the issue of legal pneumoconiosis."  (Decision and Order, 2008-BLA-5420 at 43; App. at 247).  The ALJ properly discredited Dr. Selby's report for a number of reasons.

The first basis of the ALJ's discrediting the reliability of Dr. Selby's report was Dr. Selby's representation of Mr. Gamble's smoking history.  (Decision and Order, 2008-BLA-5420 at 42; App. at 246).  The ALJ noted that "Dr. Selby

reported that the Miner had both a smoking history 'that equals at least 150+ pack years' and 'as high as over 180 pack years,' which is not similar to [the ALJ's] finding of 112 years."  (Decision and Order, 2008-BLA-5420 at 42; App. at 246). The ALJ concluded that "[t]he difference of approximately 38-68 years is great enough so as to decrease the reliability of his opinion."  (Decision and Order, 2008-BLA-5420 at 42; App. at 246).

The second basis for the ALJ's discrediting the reliability of Dr. Selby's report was "that Dr. Selby [did] not adequately explain why the Miner's treatment of his asthma necessarily eliminates a finding of legal pneumoconiosis."  (Decision and Order, 2008-BLA-5420 at 43; App. at 247).  The ALJ noted that "Dr. Selby's suggestion that the Miner could not have suffered from legal pneumoconiosis because he had 'been on numerous medications [sic] treating bronchospasm but never on medicine to treat [legal] pneumoconiosis' is unsuccessful."  (Decision and Order, 2008-BLA-5420 at 43; App. at 247).  The ALJ concluded that "Dr. Selby eliminates the possibility of legal pneumoconiosis due to the Miner's treatment of his asthma, as he believes that asthma is genetic and cannot be caused by coal dust exposure."  (Decision and Order, 2008-BLA-5420 at 43; App. at 247).  The ALJ subsequently found "that Dr. Selby has not adequately explained why the Miner's treatment of his asthma necessarily eliminates a finding of legal pneumoconiosis." (Decision and Order, 2008-BLA-5420 at 43; App. at 247).

The third basis for the ALJ's discrediting the reliability of Dr. Selby's report was "Dr. Selby's declaration that he could rule out coal dust exposure as a causative factor in the Miner's emphysema due to the presence of panlobular or panacinar emphysema and a lack of focal emphysema is also unresponsive." (Decision and Order, 2008-BLA-5420 at 43; App. at 247).  The ALJ noted that

> [b]ecause the Department has concluded that the medical literature "support[s] the theory that dust-induced emphysema and smoke-induced emphysema occur through similar mechanisms," medical opinions which are based on the premise that coal dust-related obstructive disease is completely distinct from smoking-related disease are contrary to the premises   underlying the regulations.

(Decision and Order, 2008-BLA-5420 at 43; App. at 247).  Therefore, the ALJ found that Dr. Selby's opinion was in contradiction with the findings of the Department concerning the causes of coal workers' pneumoconiosis.

The ALJ made additional findings to discredit Dr. Selby's opinion.  The ALJ noted that Dr. Selby initially stated "it was 'not clear that [the Miner was] totally and permanently disabled,'" but he later "admitted that given the current state of the medical evidence, including Dr. Simpao's valid and qualifying second PFT, and 'using legal ramifications that are established and so forth,' the Miner was totally and permanently disabled."  (Decision and Order, 2008-BLA-5420 at 33; App. at 237).  The ALJ noted that Dr. Selby's opinion "disregarded the most recent PFT of record that is supportive of a finding of total disability," and as a result, Dr. Selby's opinion was inconsistent with the preponderant weight of the PFT

evidence. (Decision and Order, 2008-BLA-5420 at 33; App. at 237).

The ALJ has adequately explained why he discredited Dr. Selby's opinion and did "did not give it probative weight on the issue of legal pneumoconiosis." (Decision and Order, 2008-BLA-5420 at 43; App. at 247). As such, the ALJ's decision was rational and supported by substantial evidence, and should be upheld even if Dr. Selby's opinion was scientifically sound as Dr. Selby's opinion did not comport with the regulations adopted by the Department. *See* Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995); Rarney v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir. 1985); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed.2d 842 (1971)); Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 756 (4th Cir. 1999); Smith v. Dir., OWCP, 843 F.2d 1053, 1057 (7th Cir. 1988); Bizzarri v. Consolidation Coal Co., 755 F.2d 751, 753 (6th Cir. 1985); Parker v. Dir., OWCP, 590 F.2d 748, 749 (8th Cir. 1979).

> b. Whether the ALJ erred by inappropriately granting excessive probative value to the opinion of Dr. Simpao.

The ALJ did appropriately grant probative value to the opinion of Dr. Simpao. Indeed, the ALJ gave Dr. Simpao's opinion greater probative weight than the opinions of Drs. Selby and Broudy for a number of reasons. The ALJ noted that Dr. Simpao was based upon "relevant histories, physical examination, and objective testing." (Decision and Order, 2008-BLA-5420 at 32; App. at 236). The ALJ found that Dr. Simpao's "opinion was consistent with the evidence available to

29

him." (Decision and Order, 2008-BLA-5420 at 32; App. at 236). The ALJ found "that Dr. Simpao had [the] opportunity to examine the Miner on more occasions than any other physician of record, with the exception of his treating, Dr. Kovtun." (Decision and Order, 2008-BLA-5420 at 32; App. at 236). The ALJ further noted that "Dr. Simpao's medical report contains an accurate assessment of the Miner's usual coal mine employment." (Decision and Order, 2008-BLA-5420 at 32-33; App. at 236-237).

The ALJ has adequately explained why he gave Dr. Simpao's opinion greater probative weight than the opinions of Drs. Selby and Broudy on the issue of legal pneumoconiosis. As such, the ALJ's decision was rational and supported by substantial evidence, and should be upheld even if the opinions of Drs. Selby and Broudy were scientifically sound as the opinions of Drs. Selby and Broudy did not comport with the regulations adopted by the Department. *See* Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995); Rarney v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir. 1985); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed.2d 842 (1971)); Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 756 (4th Cir. 1999); Smith v. Dir., OWCP, 843 F.2d 1053, 1057 (7th Cir. 1988); Bizzarri v. Consolidation Coal Co., 755 F.2d 751, 753 (6th Cir. 1985); Parker v. Dir., OWCP, 590 F.2d 748, 749 (8th Cir. 1979).

4.    Whether the Survivor's claim should be vacated and remanded.

The Claimant's award of benefits was borne from the claim of Mr. Gamble for benefits.  Mr. Gamble's award of benefits should be sustained as the decision of the ALJ  "...is supported by substantial evidence and is consistent with applicable law."  Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995). As the ALJ's decision to award Mr. Gamble benefits should be sustained, so should the Survivor's award of benefits.

## VII.  CONCLUSION

The Petitioner would have this Honorable Court reweigh the evidence in their favor.  The Petitioner really points to no error of law or controlling regulations, rather, they disagree with the result based upon the ALJ's proper weighing of the facts.  That a different trier of fact may have reached a different result is not a valid basis for appeal.

For the foregoing reasons, the ALJ's decision to award the Miner benefits "was supported by substantial evidence and [was] consistent with applicable law." Youghiogheny & Ohio Coal. Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995).  Given that the ALJ's decision to award the Miner benefits was appropriate, the ALJ's decision to award the Claimant benefits should likewise be sustained for the same reasons.

## VIII.  CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements.

No. <u>16-3707</u>  Caption:    <u>Charolais Corporation v. Carolyn J.    Gamble, o/b/o
David E. Gamble</u>

1.    This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B), because this brief contains 6,177 words, excluding the parts of the brief   exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6), because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 Version   in Times New Roman 14 point font.


<u>/s/ Thomas E. Springer, III</u>
Counsel for Respondent,
*Carolyn J. Gamble, o/b/o David Gamble*
Dated: December 1, 2016

## IX.    APPENDIX[1]

| Description of Item | Exhibit No. | Page |
|---|---|---|
| Dr. Simpao Opinion, 4/23/07 | DX 12-44 | 48 |
| Dr. Simpao Supplemental Opinion, 7/3/07 | DX 14 | 53 |
| Dr. Selby Opinion, 11/23/07 | EX 1 | 54 |
| Dr. Selby Deposition Transcript, 6/23/09 | EX 2 | 73 |
| Dr. Broudy Opinion, 8/17/09 | EX 3 | 96 |
| Dr. Broudy Deposition Transcript, 10/27/09 | EX 4 | 108 |
| Dr. Broudy Supplemental Opinion, 2/11/13 | EX 6 | 144 |
| Dr. Selby Supplemental Opinion, 4/27/13 | EX 5 | 149 |
| Hearing Transcript, 5/23/13 | N/A | 178 |
| ALJ Silvain's Decision and Order Awarding Benefits in a Subsequent Claim, 5/22/15 | N/A | 205 |

[1] The page numbers identified in the Appendix are denoted on the bottom left hand corner of the documents in the Petitioner's appendix.

# X. CERTIFICATE OF SERVICE

I, Thomas E. Springer, III, do hereby certify that I served Brief of Respondent upon the following by electronic delivery on December 1, 2016.

Mr. Kyle L. Johnson
Fogle Keller Purdy
300 E. Main Street, Suite 400
Lexington, KY 40507

Ms. Sarah M. Hurley
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Washington, DC 20210

Deborah S. Hunt, Clerk
Clerk of Court
United States Court of Appeals for the Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, Ohio 45202-3988

/s/ Thomas E. Springer, III
Counsel for Respondent,
*Carolyn J. Gamble, o/b/o David Gamble*